BYE, Circuit Judge,
concurring in the result.
I write separately because I disagree with the majority’s conclusion the information available to the officers supported a reasonable belief Glover resided at the En-right Avenue home. Through the anonymous tipster, the officers were aware of Glover’s outstanding warrants, presence in the Enright Avenue home, and actions while in the home. The officers were also aware the tipster had the code for the gate to the community and that the vehicle in the driveway of the Enright Avenue home was associated with Glover. Nothing available to the officers indicated anything more than Glover being physically present inside the Enright Avenue home.
I, nonetheless, concur in the result. Evidence discovered after the arrest indicated Glover actually lived in the Enright Avenue home.[4] “[A]n arrest warrant *375 founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.” Payton v. New York, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). As Glover lived in the Enright Avenue home and the officers had a reasonable belief he was inside, the active warrants for Glover’s arrest permitted the officers to execute the warrants there. United States v. Davis, 288 F.3d 359, 362 (8th Cir.2002). Even if we assume, for the sake of the argument, Glover did not reside in the Enright Avenue home but had standing to assert Fourth Amendment rights there, the result is the same for Glover. Glover “cannot claim any greater Fourth Amendment protection in [the En-right Avenue home] than he possessed in his own home.” United States v. Kaylor, 877 F.2d 658, 663 (8th Cir.1989) (citing United States v. Clifford, 664 F.2d 1090, 1092-93 (8th Cir.1981)). I therefore concur in affirming the judgment of the district court.

. The search warrant application indicated that, after the arrest, Glover’s wife told police she and Glover had lived at 5347 Enright for *375 the year leading to May 22, 22, 2012. Appellant’s Addendum 15.